920 F.2d 932
 55 Fair Empl.Prac.Cas. 928
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred T. BROWN, Plaintiff-Appellant,
v.
THOMAS STEEL STRIP CORP., Sam DiCiccio, Bill Riddick, and
Joe Maslach, Defendants-Appellees.
 No. 89-4085.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Fred T. Brown (Brown), has appealed from the district court's grant of a judgment dismissing his complaint against appellees, Thomas Steel Strip Corporation, et al. (Steel Corporation). Brown initiated this action against Steel Corporation and several of its supervisory personnel charging that the defendants had intentionally discriminated against him because of his race in violation of 42 U.S.C. Sec. 1981 by subjecting him to a racially hostile work environment and by terminating his employment.
 
 
 2
 After a six-day trial, the case was submitted to the jury with regard to four defendants: Steel Corporation, and the three individually named defendants Samuel DiCiccio, Joseph Maslach, and William Riddick. The jury denied Brown's claims alleging a hostile work environment against all four defendants. In addition, the jury concluded that the three individual defendants had not been culpable in a discriminatory discharge of the plaintiff as he asserted in his complaint. However, the jury returned a verdict against Steel Corporation on Brown's claim of discriminatory discharge, awarding him $250,000 in damages. The trial court also granted Brown $77,890 in the form of equitable relief representing back pay and pre-judgment interest.
 
 
 3
 Steel Corporation thereafter moved for judgment N.O.V. or, alternatively, for a new trial, under Fed.R.Civ.P. 50 and 59, arguing that the jury's verdict was unsupported by the evidence and was inconsistent. On August 30, 1988, the district court granted Steel Corporation's motion and vacated the jury verdict as to all four defendants, noting not only that an award of $250,000 was not supported by the evidence because he merely suffered from headaches, upset stomach, lack of appetite, and loss of sleep for a short period of time after his discharge, but also that the jury verdict was inconsistent in that the jury determined that none of the individual defendants were guilty of discriminatory discharge while the corporation, Steel Corporation, was held liable. The district court accordingly ordered a new trial.
 
 
 4
 Before a new trial commenced, the Supreme Court issued its decision in Patterson v. McLean Credit Union, 109 S.Ct. 2363 (1989). The Supreme Court determined in Patterson that an employee's claims of racial harassment by the employer were not actionable under 42 U.S.C. Sec. 1981 "because that provision does not apply to conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract obligations." 109 S.Ct. at 2369.
 
 
 5
 Relying on Patterson, Steel Corporation filed a motion to dismiss Brown's complaint as failing to state a cause of action upon which relief could be granted. The district court agreed. In an opinion dated November 24, 1989, the district court concluded that Patterson precluded Brown's claim of a racially hostile work environment under section 1981. In addition, the district court determined that Patterson precluded claims of wrongful discharge under section 1981 because they did not arise as a result of either the formation of a contract or the enforcement of a contract. Brown thereafter filed this timely appeal.
 
 
 6
 This court, in the recently published opinion encaptioned Prather v. Dayton Power & Light Co., No. 89-3999 (6th Cir. November 14, 1990), has held that Patterson precludes a cause of action for discriminatory discharge under 42 U.S.C. Sec. 1981. This court has further held that Patterson is applicable retroactively. Id. Slip op. at 6.
 
 
 7
 Accordingly, for the reasons stated in Prather, the judgment of the district court dismissing appellant's complaint is AFFIRMED.